UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| JOSEPH WOODS, Individually and on Behalf of all Others Similarly Situated, Plaintiff, | § § § § | COLLECTIVE ACTION COMPLAINT |
| vs. | § | CIVIL ACTION NO. 7:19-cv-200 |
| TWOPRO ENERGY SERVICES, LLC Defendant. | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Joseph Woods, individually and on behalf of all others similarly situated (the "Class Members"), files this Original Complaint against TwoPro Energy Services, LLC ("Defendant" or "TwoPro"), and respectfully shows as follows:

### I. PRELIMINARY STATEMENT

1. Joseph Woods previously worked as a field worker for TwoPro from June of 2018 until he was let go in September of 2018. Plaintiff was then brought back to work for TwoPro in December of 2018 until he quit in July of 2019. Plaintiff typically worked over forty hours per week, often seven days a week. Defendant has a company-wide policy whereby it does not pay its workers overtime if they perform tasks that are paid at different rates. This resulted in Plaintiff and other workers for Defendant being denied overtime for most of their overtime that they worked each week.

2. Plaintiff, on behalf of himself and all others similarly situated, brings this collective action to recover overtime compensation and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 *et. seq.* (the "FLSA").

3. This collective action consists of:

**ALL INDIVIDUALS WHO WERE: (A) EMPLOYED BY DEFENDANT OVER THE PAST THREE YEARS AS FIELD WORKERS; AND (B) DENIED OVERTIME PAY FOR ANY HOURS WORKED ABOVE FORTY IN A WEEK.[1]**

4. For at least three years prior to the filing of this complaint, Defendant willfully committed violations of the FLSA by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

## II. PARTIES

5. Plaintiff Joseph Woods is an individual residing in Texas. Plaintiff's Notice of Consent is attached hereto as Exhibit 1.

6. Defendant TwoPro Energy Services, LLC is Texas Corporation with its principle place of business in San Angelo, Texas. TwoPro may be served through its registered agent for service of process, Dustyn Laird, 125 David St., Brownwood, Texas 76801, or where found.

## III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..."

8. This Court has personal jurisdiction over Defendant because Defendant is a Texas resident and has purposefully availed itself of the benefits and protections of Texas by

---

[1] Members of this proposed class will be referred to herein as "the Class Members."

establishing minimum contacts with Texas. This Court's assertion of jurisdiction over Defendant. would not offend traditional notions of fair play and substantial justice.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district. Specifically, much of the work performed by Plaintiff and those in the proposed class were performed in the greater Midland-Odessa area.

### IV. COVERAGE

11. At all relevant times Defendant has acted, directly or indirectly, as an employer or joint employer with respect to Plaintiff and others similarly situated. Defendant is or was jointly responsible for all decisions related to the wages to be paid to the Class Members, the work to be performed by the Class Members, the locations of work performed by the Class Members, the hours to be worked by the Class Members, and the compensation policies with respect to the Class Members.

12. At all relevant times, Defendant has operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all relevant times, Defendant has operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

14. At all relevant times, Plaintiff, and others similarly situated, are or were employees for Defendant who was engaged in commerce or in the production of goods for commerce.

## V. FACTUAL BACKGROUND

15. TwoPro Energy Services, LLC provides services in the oil and gas industry, including casing, torque, and thread rep services. While it is unknown how many employees fall into Plaintiff's proposed class, TwoPro typically has many employees working at any given time, all or substantially all of whom were paid the same way Plaintiff was. Plaintiff and other members of the class spent most of their time (significantly more than half) working in the Permian Basin, and most of this time was spent in and around the Midland/Odessa, Pecos and Eagle Pass areas.

16. Every week, or virtually every week, that Plaintiff worked for Defendant from June of 2018 until July of 2019, Plaintiff worked more than 40 hours per week. As a field worker, Plaintiff was tasked with performing different tasks, each with a different rate of pay per task. For example, Plaintiff's tasks would regularly fall within these four categories: Hotshotting, Field Time, Drive Time, and Shop Time. For each of these categories of work Plaintiff was paid at a different rate - Hotshotting would be paid at X dollars per hour, Field Time would be paid at Y dollars per hour, and so on. However, unless Plaintiff worked more than 40 hours in one category, he was not paid overtime for any of his work that fell within that category. This is a blatant violation of the FLSA, which requires all hours worked in a week above forty to be paid at a rate of one-and-a-half times the worker's regular rate of pay. Plaintiff was not allowed to hire or fire individuals, but rather, only performed manual labor for Defendant. Plaintiff was not

given any input regarding personnel matters, nor did he exercise significant discretion in performing his job duties. Rather, Plaintiff's primary duties were performing manual labor. Plaintiff, as part of his job duties, regularly drove, rode in and loaded vehicles with GVWRs of 10,000 pounds or less.

17. As set forth herein, Defendant has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and a half times the regular rate for which he was employed. Such a pay scheme is a blatant violation of the FLSA. While Plaintiff has not had the opportunity to conduct discovery, he estimates working over forty hours per week, 7 days a week while employed by Defendant, and on information and belief other employees worked similar hours.

18. No exemption excuses Defendant from paying Plaintiff overtime rates under the FLSA. Defendant has failed to make a good faith effort to comply with the FLSA. Instead, Defendant knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation. Specifically, Defendant knew or should have known that Plaintiff and other Class Members were working more than 40 hours per week, and Defendant consciously chose not to pay Plaintiff and the Class Members overtime for the hours worked above 40 each week. Plaintiff and other Class Members are entitled to liquidated damages as a result of such conduct.

19. Despite Plaintiff and other Class Members routinely working over 40 hours per week, Defendant failed to pay them an overtime premium of one-and-one-half times their regular rate of all hours worked in excess of 40 per workweek.

20. Plaintiff and other Class Members are entitled to receive overtime pay at a rate of one-and-one-half times their regular rate for all hours worked in excess of 40 per workweek.

21. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

22. Plaintiff has retained the undersigned counsel to represent him and those similarly situated in this action. Pursuant to the FLSA, Plaintiff and those similarly situated are entitled to recover all reasonable attorney's fees and costs incurred in this action.

## VI. COLLECTIVE ACTION ALLEGATIONS

23. Other employees of Defendant have been victimized by the pattern, practice and policy of Defendant. Plaintiff is aware that the illegal practices and policies of Defendant have been imposed on other, similarly situated workers.

24. Plaintiff brings these claims on behalf of all current and former Class Members.

25. Defendant's compensation policies and procedures with respect to Plaintiff and the Class Members and wages paid to Plaintiff and the Class Members are substantially similar, if not identical.

26. Defendant's pattern of failing to pay overtime compensation as required by the FLSA results from Defendant's general application of compensation policies and procedures, and does not depend on individualized circumstances of Plaintiff or the Class Members.

27. Although the issue of damages may be individual in character, this does not detract from the common nucleus of facts with respect to Defendant's liability under the FLSA.

28. Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiff brings these claims on his own behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendant.

29. Plaintiff requests that Defendant identify all prospective members of the proposed class of Class Members in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last know addresses, and telephone numbers.

30. Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

31. Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

32. Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VII. CAUSE OF ACTION - VIOLATION OF THE FLSA

33. The foregoing allegations are incorporated herein by reference.

34. Plaintiffs were non-exempt employees of Defendant.

35. Plaintiff and the Class Members are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

36. Defendant violated 29 U.S.C. § 201 et. seq. by failing to pay Plaintiff and the Class Members overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

37. Plaintiff, individually and on behalf of others similarly situated, seeks all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law. Pursuant to the FLSA, Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

## VIII. DESIGNATION OF EXPERT WITNESS

38. Plaintiff designates the following individual as an expert witness in this case:

    Josh Borsellino
    Borsellino, P.C.
    1020 Macon St., Suite 15
    Fort Worth, Texas 76102
    T: 817.908.9861
    F: 817.394.2412

As permitted under the FLSA, Plaintiff and the Class Members seek attorney's fees and case expenses incurred in the prosecution of this matter. Mr. Borsellino may provide expert opinion testimony regarding the reasonableness and necessity of the attorney's fees and expenses incurred by Plaintiff and the Class Members in connection with this action. Mr. Borsellino's biography is publicly available at https://dfwcounsel.com/biography/.

## IX. RELIEF SOUGHT

WHEREFORE, Plaintiff, individually and on behalf of others similarly situated, respectfully requests that Defendant be required to answer and appear, and that on a final hearing, Plaintiff and other members of the collective action be awarded:

a. Unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times the employee's regular rate of pay;

b. Liquidated damages in an amount equal to the unpaid overtime compensation;

c. Attorney's fees, costs and expenses;

d. Pre- and post-judgment interest at the highest rates allowed by law; and

e. All other relief, at law or in equity, to which he, and others similarly situated, may be justly entitled.

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
TX Bar No. 24045532
Morgan Scott
TX Bar No. 24106412
Borsellino, P.C.
1020 Macon St., Ste. 15
Fort Worth, Texas 76102
T: 817.908.9861
F: 817.394.2412
josh@dfwcounsel.com
morgan@oilfieldovertime.com